Roosevelt Porter, Esq.
**METS SCHIRO & McGOVERN, LLP**
655 Florida Grove Road
P.O. Box 668
Woodbridge, New Jersey 07095
(732) 636-0040
Attorneys for Plaintiff,
Carmelo F. Vaticano

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMELO F. VATICANO,<br><br>Plaintiff,<br><br>vs.<br><br>EDISON TOWNSHIP, JUN H. CHOI, Mayor, BRIAN COLLIER, Police Director, THOMAS BRYAN, Chief of Police,<br><br>Defendants. | DOCKET NO.:<br><br>CIVIL ACTION<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY |

I, CARMELO F. VATICANO, residing at 173 Edison Avenue, Edison, Middlesex County, New Jersey, by way of Complaint says:

### PARTIES

1. Plaintiff, Camelo F. Vaticano, is a Deputy Chief of Police employed by Edison Township (hereinafter, "the Township" or "the Employer"), in its Police Department.

2. Defendant, Edison Township, is a municipal entity/corporation and governing body located in Edison, Middlesex County, State of New Jersey, and at all relevant times was Plaintiff's employer.

031009 Vaticano Complaint         - 1 -

3. Defendant, Jun H. Choi, is the mayor and chief executive of Edison Township.

4. Defendant, Brian Collier, is the Police Director of Edison Township, and is charged with overseeing the administrative functions of the Township's Police Department.

5. Defendant, Thomas Bryan, is the Police Chief of Edison Township. He is charged with the day to day operations of the Township's Police Department.

## JURISDICTION AND VENUE

6. Plaintiff brings this action under 42 U.S.C. §1983. This Court has original jurisdiction of this claim as it arises under the Constitution and laws of the United States, pursuant to 28 U.S.C. §1331.

7. The District of New Jersey has supplemental jurisdiction over any and all claims arising out of the constitution and laws of the State of New Jersey because these claims are so related to the claim over which this Court has original jurisdiction that together they comprise the same case or controversy pursuant to 28 U.S.C. §1367.

8. Pursuant to 28 U.S.C. §1391(b), venue is proper in the District of New Jersey because (1) all Defendants reside in the State of New Jersey, and (2) a substantial portion of the acts or omissions complained of occurred within the State of New Jersey.

## FACTS RELEVANT TO ALL COUNTS

9.  Plaintiff was hired by the Township as a police officer on or about December 28, 1977.

10. Plaintiff served as a police officer for approximately twelve years.

11. On or about 1990, Plaintiff was promoted to Sergeant.

12. On or about 1993, Plaintiff was promoted to Lieutenant.

13. On or about 2001, Plaintiff was promoted to Captain.

14. On or about December 22, 2005, Plaintiff was promoted to Deputy Chief of Police.

15. The Deputy Chief of Police is responsible for the coordination of the activities of all bureaus and personnel within the Township's police department.

16. Plaintiff is sixty (60) years old.

17. In 2005, Defendant Choi ran for mayor against incumbent Mayor George Spadoro in the Democratic primary election.

18. Plaintiff supported Spadoro in the 2005 election. Plaintiff worked on Spadoro's campaign and contributed to it.

19. Defendant Choi defeated Spadoro in the primary election and won the subsequent mayoral election.

031009 Vaticano Complaint				- 3 -

20. On or about April 2006, Defendant Choi determined that Plaintiff was non-essential personnel and ordered the Chief to remove his assigned take home vehicle.

21. In May 2007, Defendant Choi was campaigning for several candidates for township council at a Township event on the premises of Raritan Center, located in Edison, New Jersey. Some of the individuals campaigning with Defendant Choi were harassing council member Robert Karabincek by calling him "Bob the Builder."

22. Robert Karibincek contacted Plaintiff directly in an effort to stop the harassing conduct.

23. According to Township Rules, campaigning is impermissible at Township events. Plaintiff, pursuant to his lawful duties, dispatched a police officer to the scene of the incident.

24. Defendant Choi contacted Plaintiff and ordered that he prevent the officers from infringing on the campaign activities.

25. Defendant Choi threatened that if Plaintiff did not stop the officers from performing their duties, Plaintiff would be written up.

26. On or about March 2008, Plaintiff gave a sworn statement in a matter before the United States District Court for the District of New Jersey entitled <u>Wheeler v. Tp. of Edison and Jun Choi</u>, Docket No. 06-5207 (DMC), in which Plaintiff

alleged that Defendant Choi was not truthful concerning statements made in connection to police promotions in 2006.

27. On or about March 2008, Defendant Choi was instrumental in amending the promotional ordinance to allow a lieutenant to be promoted to Deputy Chief.

28. On or about April 2008, Defendant Choi appointed Defendant Collier to the position of Police Director.

29. On or about April 1, 2008, Defendant Collier assigned operational authority of the Edison Police Department to the newly promoted Deputy Chief, Defendant Bryan, despite the fact that Plaintiff had more seniority.

30. In January 2009, Defendant Collier named Defendant Bryan Chief of Police.

31. On or about May 2008, Plaintiff was assigned to do research on the COMPSTAT program with the Newark Police Department for sixty (60) days as retaliation for Plaintiff's protected acts. Plaintiff received no prior training for this assignment.

32. In July 2008, Plaintiff and other similarly situated individuals were assigned to work the midnight shift to embarrass them and force them to retire.

33. Plaintiff has been ordered to vacate the executive offices of the Township Police Department, despite the fact that he is an executive officer.

34. Plaintiff filed an OPRA request concerning the salaries of certain police department employees. On September 5, 2008, Plaintiff was advised that no documents fulfilled this request.

35. On or about September 16, 2008, Plaintiff was assigned to the Communications Bureau of the Township Police Department, despite the fact that he is a Deputy Chief and the Communications Bureau had previously been run by a Captain. All other Divisions are commanded by Captains subordinate to a deputy chief.

36. On or about September 16, 2008, Plaintiff was removed from his position of liaison for the Edison Police Auxiliary.

37. Plaintiff has been ostracized by fellow officers and is forced to work in the basement of the Township's police headquarters.

38. Plaintiff has informed the Township of the adverse conduct he has suffered. The Township has taken no action.

39. The Township refused to continue its longstanding practice of paying for Plaintiff's education expenses.

40. Plaintiff was passed over for promotion for the position of Chief of Police.

41. Plaintiff was placed in charge of the impound yard, despite the fact that the impound yard is not normally handled

by the Police Department. The purpose for this assignment was to embarrass and discredit Plaintiff.

42. Plaintiff's name and title were taken of the Police Department letterhead, despite the fact that he continues to be a Deputy Chief of Police.

43. Plaintiff's base salary as deputy chief is less than that of the next highest ranking superior officer, and since 2008 the discrepancy between the base salaries has increased.

44. On or about February 2009, Defendant Collier set up a supplemental office next to Plaintiff's office.

45. On or about March 5, 2009, Plaintiff was not permitted to sit with other executive members of the department at a COMPSTAT conference as he should have been according to COMPSTAT protocol. This discredited Plaintiff in front of approximately fifty (50) ranking officers of the Edison Police Department.

### COUNT I

#### (VIOLATION OF 42 U.S.C. §1983)

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. In violation of 42 U.S.C. §1983, Defendants violated the Constitutional rights of Plaintiff by retaliating against Plaintiff for his participation in the lawsuit brought by Edward Wheeler entitled *Wheeler v. Tp. of Edison and Jun Choi*, Docket

No. 06-5207 (DMC), in violation of the Petitions Clause of the First Amendment to the United States Constitution.

48. In violation of 42 U.S.C. §1983, Defendants violated the Constitutional rights of Plaintiff by retaliating against him on the basis of his protected Speech under the First Amendment to the United States Constitution.

49. In violation of 42 U.S.C. §1983, Defendants violated Plaintiff's Constitutional rights by allowing employees to retaliate against him on the basis of his protected associations under the First Amendment to the United States Constitution.

50. In violation of 42 U.S.C. §1983, Defendants violated Plaintiff's procedural and substantive due process rights afforded to him by the State and Federal Constitutions.

51. In violation of 42 U.S.C. §1983, the Township sanctioned, condoned, and/or apathetically allowed the unconstitutional acts set forth above, despite their responsibility to supervise its employees, despite their ample knowledge and notice of the above violations of the First Amendment as set forth herein, as well as their Monell responsibility.

## COUNT II

### (AGE DISCRIMINATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION)

52. Plaintiff repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

51. Plaintiff is a sixty (60) year old man.

52. The Township has improperly discriminated against Plaintiff on the basis of his age by forcing him to work midnights, removing responsibilities from him and other acts of retaliation.

53. As a result of Defendant's actions, Plaintiff has suffered and continues to suffer economic loss, emotional distress, psychological injury, pain and suffering, humiliation and damage to reputation.

## COUNT III

### (VIOLATION OF N.J.S.A. 40A:14-179)

54. Plaintiff repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

55. Plaintiff is a deputy chief within the Edison Police Department. His starting base salary is less than the salary of the ranking officer next in command.

56. This discrepancy in salary violates N.J.S.A. 40A:14-179, which mandates that the base salary range of deputy chiefs be higher than that of the next ranking officer.

**WHEREFORE**, cause having been shown, Plaintiff, Carmelo F. Vaticano, demands judgment against Defendants jointly and severally and seeks the following relief:

   a. compensatory damages, including but not limited to damages for economic losses, back pay, front pay, pain and suffering, emotional distress and psychological injury;

   b. damages for humiliation and harm to reputation;

   c. an award to reflect the negative tax consequences of a lump sum injury award;

   d. liquidated damages;

   e. punitive damages;

   f. promotion to chief of police;

   g. attorney's fees, a contingency fee multiplier, pre-judgment interest, post-judgment interest and cost of suit;

   h. injunctive relief, including but not limited to an order requiring an independent evaluation of and correction of deficiencies in Defendant's anti-

        discrimination policies and procedures, employment practices and diversity; and

i. such other relief as the Court may deem equitable and just.

 

**METS SCHIRO & MCGOVERN, LLP**
655 Florida Grove Road
P.O. Box 668
Woodbridge, New Jersey 07095
(732) 636-0040
Attorneys for Plaintiff,
Carmelo F. Vaticano

By: _____
      Roosevelt Porter, Esq.

Dated: April 14, 2009

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues so triable.

                                      METS SCHIRO & MCGOVERN, LLP
655 Florida Grove Road
P.O. Box 668
Woodbridge, New Jersey 07095
(732) 636-0040
Attorneys for Plaintiff
Carmelo F. Vaticano

By: _____
     Roosevelt Porter, Esq.

Dated: April 14, 2009

## DESIGNATION OF TRIAL COUNSEL

Roosevelt Porter, Esq., is hereby designated as trial counsel in this action.

>
> **METS SCHIRO & MCGOVERN, LLP**
> 655 Florida Grove Road
> P.O. Box 668
> Woodbridge, New Jersey 07095
> (732) 636-0040
> Attorneys for Plaintiff
> Carmelo F. Vaticano
>
> By: _____
>           Roosevelt Porter, Esq.

Dated: April 14, 2009